IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL CAMACHO, | CIV. NO. 24-00372 MWJS-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS INDIVIDUAL DEFENDANTS BASED UPON PLAINTIFF'S FAILURE TO SERVE |
| ASSOCIATION OF APARTMENT OWNERS OF KE NANI KAI, JOHN SEARS, STEPHEN STOUT, JAMES DOBNEY, PETER THOMPSON, DENISE ANDERSON, GREGORY FULTS, GORDON BROWNLOW, DEBORAH MCKANE, RICHARD NOVAK,  CERTIFIED MANAGEMENT, INC., | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION TO DISMISS INDIVIDUAL
DEFENDANTS BASED UPON PLAINTIFF'S FAILURE TO SERVE**

On August 5, 2025, this Court issued its *Order to Show Cause* ("OSC") why

Defendants John Sears, Stephen Stout, James Dobney, Peter Thompson, Denise

Anderson, Gregory Fults, Gordon Brownlow, Debora McKane and Richard Novak

(collectively, "Individual Defendants") should not be dismissed for lack of proper

service.  ECF No. 94.  On August 19, 2025, pro se Plaintiff Michael Camacho

("Plaintiff") timely filed his *Response to Order to Show Cause* ("Response").  ECF

No. 98.  On August 25, 2025, Defendants Association of Apartment Owners of Ke

Nani Kai and Certified Management Inc., dba Associa Hawaii (collectively,

"Entity Defendants") filed their *Response to [Plaintiff's] Response* ("Reply").

ECF No. 99.

For the reasons set forth below, this Court **FINDS** that Plaintiff has failed to

demonstrate timely and proper service and therefore **RECOMMENDS** that the

*Individual Defendants* be **dismissed without prejudice**.

## DISCUSSION

The operative complaint is the *Second Amended Complaint* ("SAC"), filed

on June 14, 2025.  ECF Nos. 81 & 82.  The Court imposed a deadline of July 11,

2025, to serve the *Individual Defendants*.  ECF No. 80.  The Court advised

Plaintiff that "[f]ailure to serve the *Individual Defendants* by the … deadline may

result in an order to show cause why … the underserved *Individual Defendants*

should not be dismissed due to lack of service."  *Id.*

On July 7, 2025, Plaintiff filed proof of service documents purporting to

demonstrate service on each of the *Individual Defendants*.  ECF No. 88.  These

documents indicate that on July 7, 2025, a process server served the respective

summons for each of the *Individual Defendants* on Gavin Shiraishi of Cen Pac

Properties, located at 275 Puuhale Rd., #B, Honolulu, Hawaii 96819. *Id.*  The

proof of service documents also indicate that Cen Pac Properties is "designated by

law to accept service of process on behalf of" each of the respective *Individual

Defendants*.  *Id.*

At the Rule 16 Scheduling Conference convened on August 5, 2025, the Court informed Plaintiff that service on the *Individual Defendants* appeared to be improper. ECF No. 94. The Court issued an order to show cause ("OSC") why the nine (9) *Individual Defendants* should not be dismissed for lack of proper service and directed briefing. *Id.* Before filing his *Response* to the *OSC*, Plaintiff filed a *Request for Entry of Default* concerning the *Individual Defendants*.[1] ECF No. 96. Thereafter, Plaintiff and the *Entity Defendants* timely filed their respective *Response* and *Reply* concerning the OSC. ECF Nos. 98 & 99.

The burden is on the party claiming proper service to establish valid service. *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005); *Federal Practice & Procedure* § 1353 ("The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity."). In this case, Plaintiff has failed to demonstrate proper service on the *Individual Defendants*. Unfortunately, this has been a recurring theme throughout this case. Notwithstanding the numerous times that the Court has explained to Plaintiff the requirements for proper service on all Defendants, including the *Individual Defendants*, and multiple extensions of time to accomplish service, Plaintiff has failed to do so. ECF Nos. 20, 23, 42, 45, 63, 69, 80 & 94.

---

[1] On August 13, 2025, the Court held the *Request for Entry of Default* in abeyance pending a ruling on the OSC. ECF No. 97.

3

Nearly one (1) year ago, on November 26, 2024, the Court issued an

*Entering Order* granting Plaintiff a 60-day extension of time to serve the original

*Complaint* on all Defendants.  ECF No. 23.  Plaintiff requested an extension

because he mistakenly believed that the Court would serve Defendants and sought

additional time because he may "not be able to serve the 11 defendants in multiple

states and countries on time."  ECF No. 22 at PageID.96.  The *Entering Order*

stated in pertinent part:

> First, Plaintiff is reminded that the method of service on each defendant
> must be in compliance with Rule 4 of the *Federal Rules of Civil Procedure*.
> For example, Rule 4(e) states the method in which an individual within the
> United States must be served; Rule 4(f) explains the method in which an
> individual in a foreign country must be served. Out of the 11 defendants,
> only 1 defendant resides in a foreign country, Canada. The remaining
> defendants reside in various states within the United States. Based on this
> information, the Court finds that an extension of 60 days is appropriate
> amount of time to extend the deadline to serve.

ECF No. 23.

On February 11, 2025, in an *Amended Entering Order,* the Court expressed

concern about Plaintiff's purported service of the original *Complaint* and summons

on Defendants.  The Court explained in relevant part:

> Upon review of the service documents purporting to demonstrate service of
> the *Complaint* and respective *Summons* on defendants in this case, the Court
> remains unclear … whether pro se Plaintiff Mike Camacho ("Plaintiff") has
> properly served each of the eleven defendants. ECF Nos. 25-35.

> In this case, Plaintiff names eleven defendants, two of which are entities
> (Defendant Association of Apartment Owners of Ke Nani Kai and
> Defendant Associations, Inc. dba Associa Hawaii). ECF No. 1 at PageID.2.
> **The remaining nine defendants are individuals (Defendants John Sears,**

**Stephen Stout, James Dobney, Peter Thompson, Denise Anderson, Gregory Fults, Gordon Brownlow, Debora McKane and Richard Novak).** *Id.* **at PageID.2-4. Except for Defendant Stephen Stout, who is the former resident manager for the Ke Nani Kai condominium project, the other individual defendants are all former members of the board of directors.** *Id.*

Except for Defendant Associations, Inc., dba Associa Hawaii, the proof of service documents for all other defendants indicate service made upon "Clarita Calacal" on behalf of either "AOAO of Ke Nani Kai" or "KNK Board of Directors" at "275 Puuhale Rd.[,] [Honolulu,] HI 96819." ECF No. 25 at PageID.103; ECF No. 27 at PageID.109; ECF No. 28 at PageID.112; ECF No. 29 at PageID.115; ECF No. 30 at PageID.118; ECF No. 31 at PageID.121; ECF No. 32 at PageID.124; ECF No. 33 at PageID.127; ECF No. 34 at PageID.130; and ECF No. 35 at PageID.133. **What is unclear is whether "Clarita Calacal" is in fact an agent for or is otherwise authorized to accept service on behalf of either "AOAO of Ke Nani Kai," "KNK Board of Directors" or any one or all of the individually named former board members.**

The *Complaint* alleges that **certain of the nine individual defendants reside in or are citizens of California, Hawaii, Canada, Washington or Minnesota**. ECF No. 1 at PageID.2-5. Several of these defendants are not present in Hawaii. **If so, absent a waiver of service, Plaintiff is required to properly serve defendants that are not only present in Hawaii, but also those in other states and even abroad**. This is especially true since the *Complaint* is unclear whether Plaintiff purports to sue the individual defendants in both their individual and/or official capacities. *Id.*

Rule 4(e) of the *Federal Rules of Civil Procedure* states:

> **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

(A) <u>delivering a copy of the summons and of the complaint to the individual personally;</u>

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) <u>delivering a copy of each to an agent authorized by appointment or by law to receive service of process.</u>

*Fed. R. Civ. P.* 4(e) (emphasis added).

Rule 4(f) states:

**Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual other than a minor, an incompetent person, or a person whose waiver has been filed may be served at a place not within any judicial district of the United States:

(1) <u>by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;</u>

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

6

          (ii) using any form of mail that the clerk addresses and
sends to the individual and that requires a signed receipt;
or

    (3) by other means not prohibited by international agreement, as the
court orders.

*Fed. R. Civ. P.* 4(f) (emphasis added).

    Plaintiff is advised that the foregoing is not intended to identify all potential
issues or legal authority concerning service. This is not the first time the
Court has addressed service-related issues with Plaintiff. ECF No. 23.

ECF No. 42.  (emphasis in original and added).

    On February 13, 2025, the Court issued a detailed order explaining why
service on Cen Pac Properties was insufficient as to each of the *Individual
Defendants*, "who are either former board members or the former resident manager
for the AOAO."  ECF No. 45 at PageID.228.  Not much has changed since that
time.  Here, Plaintiff continues to broadly contend that Defendant Association of
Apartment Owners of Ke Nani Kai ("AOAO") through its bylaws has appointed
Cen Pac Properties as managing agent authorized to accept service of process for
the *Individual Defendants*.  ECF No. 98 at PageID.1116-1120.  This is
fundamentally flawed.  What Plaintiff fails to accept is that Cen Pac Properties
only serves as the <u>fiscal agent</u> for the *AOAO*.  ECF No. 99-1 at PageID1176.
Plaintiff fails to refute that Cen Pac Properties "is not and has never been
authorized by the *AOAO* to accept service of process for the *AOAO*."  *Id.*
Furthermore, he does nothing to refute that Cen Pac Properties "and its officers or

employees are not agents for [the *Individual Defendants*]." *Id.* Thus, Plaintiff's

insistence that service of the *Individual Defendants* by again serving Cen Pac

Properties remains, as before, completely improper. Cen Pac Properties simply is

not an agent, for service of process purposes, for the *AOAO* or the *Individual*

*Defendants*. That Plaintiff continues to stubbornly insist that Cen Pac Properties is

an agent authorized to accept service on behalf of the *Individual Defendants* does

not make it so.

        Next, Plaintiff's contention that the Court should find that the *Individual*

*Defendants* have been properly served since they are the "apparent clients" of the

law firm representing the *Entity Defendants* is unavailing and unsupported. While

defense counsel has actively represented the *Entity Defendants*, they do not

represent the *Individual Defendants*. While the *Entity Defendants* have

participated in this litigation and have addressed various issues, including service-

related issues, that does not mean that they should be deemed to represent the

*Individual Defendants* just so Plaintiff may effectively shirk his responsibility to

timely and properly serve the *Individual Defendants*.

        Plaintiff's final argument is that the Court should deem service on the

*Individual Defendants* proper simply because according to Plaintiff, they have

"ignored the *Notice of Lawsuit* and Request to *Waiver Service of a Summons*

forms, sent to all known mailing addresses and email addresses." ECF No. 98 at

PageID.1120. In other words, Plaintiff contends that service on the *Individual*

*Defendants* is futile because it is clear they are "dodging service." *Id.* Even if it

may be true that one or more of the *Individual Defendants* in fact received

Plaintiff's prior notices and requests to waive service and chose not to respond, it is

still Plaintiff's responsibility to then effect service as required under the federal

rules. In fact, the notice and waiver form packet provided by the Court clearly

states, "[i]f a waiver is not timely returned, or a defendant refuses to waive service,

plaintiff is required to serve the summons and complaint as specified in *Fed. R.*

*Civ. P.* 4(c) and 4(e)." ECF No. 5 at PageID.21.

The federal rules set forth a 90-day deadline to serve the summons and

complaint on a defendant:

> If a defendant is not served within 90 days after the complaint is filed, the
> court—on motion or on its own after notice to the plaintiff—must dismiss
> the action without prejudice against that defendant or order that service be
> made within a specified time.

*Fed. R. Civ. P.* 4(m). In this case, the most recent court-imposed deadline to serve

the *Individual Defendants* expired on July 11, 2025, without Plaintiff

demonstrating proper service. This Court has regularly warned Plaintiff that a

failure to effect proper service may result in dismissal of unserved defendants from

this lawsuit. ECF Nos. 20, 69, 75, 80 & 94.

To date, over fourteen (14) months have elapsed since the *Complaint* was

filed on August 29, 2024. ECF No. 1. Nearly seven (7) months have elapsed since

the filing of the *First Amended Complaint* ("FAC") on April 17, 2025. ECF No.

70.  And finally, nearly five (5) months have elapsed since the operative complaint, the *SAC*, was filed on June 14, 2025.  ECF Nos. 81 & 82.  Each of the foregoing complaints alleged claims against the same *Individual Defendants*.  ECF Nos. 1, 70, 81 & 82.  Plaintiff has been permitted no less than four (4) extensions of time to serve the *Individual Defendants*. ECF Nos. 23, 69, 75 & 80.  Despite this, Plaintiff has been unable to effect proper service on the *Individual Defendants* at any point during the pendency of this case.  This includes not only the *Complaint*, the *FAC* but now the *SAC*.

In light of the foregoing, the Court considers but does not find that a further extension of time to serve the Individual Defendants is appropriate.  *Fed. R. Civ. P.* 4(m) states that "if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Courts consider "whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Ninth Circuit has held that "[a]t a minimum, 'good cause' means excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The Court considers four factors to determine whether good cause or excusable neglect exists such that the deadline to serve should be extended: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (quoting *Boudette*, 923 F.2d at 756) (citation omitted).

In this case, the Court has already generously permitted Plaintiff multiple extensions of time for the purpose of effecting service. Despite Plaintiff's efforts, however, the *SAC* remains unserved as to the *Individual Defendants.*

Plaintiff fails to provide any explanation upon which this Court could find good cause to further extend the deadline to serve. While it appears that Plaintiff may misunderstand or disagree with the requirements of service under *Fed. R. Civ. P.* 4, "inadvertence or ignorance of the governing rule alone does not constitute good cause." *Katz v. United States*, Civ. No. 09-00042 HG-KSC, 2009 WL 3169120, at *3 (D. Haw. Sept. 28, 2009) (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)) (citations omitted). After considering the aforesaid factors, the Court finds they militate against yet another extension. Accordingly, Plaintiff has not demonstrated good cause to further extend the time for service on the *Individual Defendants*.

In the Ninth Circuit, "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d at 512. Here, this Court recommends dismissal as to the *Individual Defendants* be without prejudice.

//

//

//

11

## <u>CONCLUSION</u>

Based on the foregoing, the Court **FINDS** that Plaintiff has failed to demonstrate proper and timely service of the *Second Amended Complaint* and respective *Summonses* for the *Individual Defendants* and therefore **RECOMMENDS** the district court **DISMISS** the ***Second Amended Complaint*** without prejudice as to the *Individual Defendants*.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 10, 2025.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00372 MWJS-RT;  *Michael Camacho vs. Association of Apartment Owners of Ke Nani Kai, John Sears, Stephen Stout, James Dobney, Peter Thompson, Denise Anderson, Gregory Fults, Gordon Brownlow, Deborah Mckane, Richard Novak,  Certified Management, Inc.*;  Findings and Recommendation to Dismiss Individual Defendants Based Upon Plaintiff's Failure to Serve